

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                                                    ) | CR 417-212 |
| ) | |
| CHRISTOPHER WILSON,           ) | |
| ) | |
| Defendant.                 ) | |

### PLEA AGREEMENT

Defendant, Christopher Wilson, represented by his attorney Courtney Lerch; and the United States of America, represented by Special Assistant United States Attorney Noah Abrams, have reached a plea agreement in this case. The terms and conditions of that agreement are as follows.

1.   <u>Guilty Plea</u>

Defendant agrees to enter a plea of guilty to Count 1: Possession of a Firearm by a Convicted Felon. The defendant agrees to the forfeiture as outlined in the Indictment.

2.   <u>Elements and Factual Basis</u>

**Count 1 - 18 U.S.C. § 922(g)(1) – Possession of a Firearm and Ammunition by a Convicted Felon**

The elements necessary to prove the offense charged in Count One are: (1) that the defendant knowingly possessed a firearm and ammunition in or affecting commerce; and (2) that, before possessing the firearm and ammunition, the defendant had been convicted of a felony, that is, a crime punishable by imprisonment for more than one year.

1

The defendant agrees that he is, in fact, guilty of this offense. He agrees to the accuracy of the following facts, which satisfy the offense's required elements: Mr. Wilson admits that on or about April 13, 2017, in Chatham County, within the Southern District of Georgia, the defendant, who before that time had been convicted of a felony offense, that is, an offense punishable by imprisonment for a term exceeding one year, did unlawfully and knowingly possess, in and affecting commerce, a firearm, that is, one Glock, model 23, .40 caliber pistol, serial number BCKY671, loaded with 13 rounds of ammunition, which all had previously been transported in interstate commerce, in violation of Title 18, United States Code, Section 922(g)(1) and 924(a)(2).

3. <u>Possible Sentence</u>

Defendant's guilty plea will subject him to the following maximum possible penalties:

<u>**Count One: 18 U.S.C. § 922(g)(1)\*\*\***</u>
**Possession of a Firearm by a Convicted Felon**
Imprisonment for not more than ten (10) years;
Fine of not more than $250,000;
Supervised release term of not more than three years;
$100 special assessment.

*\*\*\*But if, defendant be found to have three previous convictions for a violent felony or serious drug offense, or both, committed on different occasions from one another, such person shall be fined under this title and imprisoned not less than fifteen years or more than life imprisonment, a fine of not more than $250,000 or both, not more than 5 years supervised release, and a $100 special assessment, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g). 18 U.S.C. §924(e).*

4. <u>No Promised Sentence</u>



No one has promised Defendant that the Court will impose any particular sentence or a sentence within any particular range. The Court is not bound by any estimate of sentence given or recommendations made by Defendant's counsel, the government, the U.S. Probation Office, or anyone else. The Court may impose a sentence up to the statutory maximum. Defendant will not be allowed to withdraw his plea of guilty if he receives a more severe sentence than he expects.

5.  Court's Use of Guidelines

The Court is obligated to use the United States Sentencing Guidelines to calculate the applicable guideline range for Defendant's offense and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), in determining his sentence. The Sentencing Guidelines are advisory; the Court is not required to impose a sentence within the range those Guidelines suggest. The Sentencing Guidelines are based on all of Defendant's relevant conduct, pursuant to U.S.S.G. § 1B1.3, not just the facts underlying the particular Count to which Defendant is pleading guilty.

6.  Agreements Regarding Sentencing Guidelines

    a.  Acceptance of Responsibility

The government will not object to a recommendation by the U.S. Probation Office that Defendant receive a two-level reduction in offense level for acceptance of responsibility pursuant to Section 3E1.1(a) of the Sentencing Guidelines. If the U.S. Probation Office makes that recommendation, and Defendant's offense level is 16 or greater prior to any reduction for acceptance of responsibility, the government will move for an additional one-level reduction in offense level pursuant to Section

3E1.1(b) based on Defendant's timely notification of his intention to enter a guilty plea.

 b. <u>Use of Information</u>

The government is free to provide full and accurate information to the Court and U.S. Probation Office for use in calculating the applicable Sentencing Guidelines range. Any incriminating information provided by the defendant during his cooperation will not be used in determining the applicable Guidelines range, pursuant to U.S.S.G. § 1B1.8.

7. <u>Dismissal of Other Counts</u>

At sentencing, the government will move to dismiss the remaining Counts of the Indictment.

8. <u>Waivers</u>

 a. <u>Waiver of Appeal</u>

Defendant entirely waives his right to a direct appeal of his conviction and sentence on any ground. The only exceptions are that the defendant may file a direct appeal of his sentence if (1) the court enters a sentence above the statutory maximum, (2) the court enters a sentence above the advisory Sentencing Guidelines range found to apply by the court at sentencing; or (3) the Government appeals the sentence. Absent those exceptions, Defendant explicitly and irrevocably instructs his attorney not to file an appeal.

 b. <u>Waiver of Collateral Attack</u>



Defendant entirely waives his right to collaterally attack his conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion.

    c.    <u>FOIA and Privacy Act Waiver</u>

Defendant waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

    d.    <u>Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 Waiver</u>

Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a defendant during the course of plea discussions or plea proceedings. Defendant knowingly and voluntarily waives the protections of these rules. If Defendant fails to plead guilty, or his plea of guilty is later withdrawn, all of Defendant's statements in connection with this plea, including this plea agreement, and any leads derived therefrom, shall be admissible for any and all purposes.

9.    <u>Required Financial Disclosure</u>

Not later than 30 days after the entry of his guilty plea, Defendant shall provide to the United States, under penalty of perjury, a financial disclosure form listing all his assets and financial interests, whether held directly or indirectly, solely or jointly, in his name or in the name of another. The United States is



authorized to run credit reports on Defendant and to share the contents of the reports with the Court and U.S. Probation.

10.     Forfeiture

The defendant agrees to forfeit his interest in a Glock, Model 23, .40 caliber pistol, serial number BCKY671, and 13 rounds assorted .40 caliber ammunition (collectively, "the Subject Property"), pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), as firearms and ammunition involved or used in the knowing commission of the violations to which he has agreed to plead guilty.

Defendant agrees to take all steps requested by the United States to facilitate transfer of title of the Subject Property to the United States, including but not limited to the signing of a consent order or decree, a stipulation of facts regarding the transfer and basis for the forfeiture, and any other documents necessary to effectuate such transfer. Defendant further agrees not to file any claim, answer, or petition for remission or mitigation in any administrative or judicial proceeding pertaining to the Subject Property. If any such a document has already been filed, Defendant hereby withdraws that filing.

Defendant waives and abandons all right, title, and interest in the Subject Property. In addition, Defendant waives and abandons his interest in any other property that may have been seized in connection with this case.

Defendant agrees to hold the United States and its agents and employees harmless from any claims made in connection with the seizure, forfeiture, or disposal of property connected to this case. Defendant further agrees to waive the requirements of the Federal Rules of Criminal Procedure 32.2 and 43(a) regarding



notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

Defendant agrees to waive any and all constitutional, statutory, and equitable challenges on any grounds; specifically agreeing to waive any claims, defenses or challenges arising under the Double Jeopardy Clause of the Fifth Amendment and the Excessive Fines Clause of the Eighth Amendment, to the seizure, forfeiture, and disposal of any property seized in this case.

11.  Defendant's Rights

Defendant has the right to be represented by counsel, and if necessary have the court appoint counsel, at trial and at every other critical stage of the proceeding. Defendant possesses a number of rights which he will waive by pleading guilty, including: the right to plead not guilty, or having already so pleaded, to persist in that plea; the right to a jury trial; and the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

12.  Satisfaction with Counsel

Defendant has had the benefit of legal counsel in negotiating this agreement. Defendant believes that his attorney has represented him faithfully, skillfully, and

diligently, and he is completely satisfied with the legal advice given and the work performed by his attorney.

13. <u>Breach of Plea Agreement</u>

Defendant breaches this agreement if, prior to sentencing in his case, he fails to comply with any of the terms of this agreement, withdraws or attempts to withdraw his guilty plea, refuses to accept responsibility for his criminal conduct, obstructs justice, tampers with witnesses or evidence, or commits any new crimes. If Defendant breaches the plea agreement, the government is released from any agreement herein regarding the calculation of the advisory Sentencing Guidelines or the appropriate sentence.  In addition, the government may (1) declare the plea agreement null and void, (2) reinstate any counts that may have been dismissed pursuant to the plea agreement, and/or (3) file new charges against Defendant that might otherwise be barred by this plea agreement.  Defendant waives any statute-of-limitations or speedy trial defense to prosecutions reinstated or commenced under this paragraph.

14. <u>Entire Agreement</u>

This agreement contains the entire agreement between the government and Defendant.

*Signatures on Following Page*

|  | R. BRIAN TANNER<br>UNITED STATES ATTORNEY |
|---|---|
| _____<br>Date | _____<br>Brian T. Rafferty<br>New York Bar No. 2809440<br>Chief, Criminal Division |
| 10/30/2017<br>Date | _____<br>Noah Abrams<br>Special Assistant United States Attorney |

*Signatures on Following Page*

I have read and carefully reviewed this agreement with my attorney. I understand each provision of this agreement, and I voluntarily agree to it. I hereby stipulate that the factual basis set out therein is true and accurate in every respect.

10/27/17
Date

_____
Christopher Wilson, Defendant

I have fully explained to Defendant all of his rights, and I have carefully reviewed each and every part of this agreement with him. I believe that he fully and completely understands it, and that his decision to enter into this agreement is an informed, intelligent, and voluntary one.

10/27/17
Date

_____
Courtney Lerch, Esq.
Defendant's Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | CR 417-212 |
| ) | |
| CHRISTOPHER WILSON, ) | |
| ) | |
| Defendant.  ) | |

### ORDER

The aforesaid Plea Agreement, having been considered by the Court in conjunction with the interrogation by the Court of the defendant and the defendant's attorney at a hearing on the defendant's motion to change his plea and the Court finding that the plea of guilty is made freely, voluntarily and knowingly, it is thereupon,

ORDERED that the plea of guilty by defendant be, and it is, hereby accepted and the foregoing Plea Agreement be, and it is, hereby ratified and confirmed.

This __3__ day of __November__, 2017.

_____
HONORALBLE LISA G. WOOD
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA